IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN AVILA,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, a National Association, successor in interest to WACHOVIA BANK, N.A.; NDEX WEST, a Delaware Limited Liability Corporation; and all persons or entities unknown claiming any legal or equitable right, title, estate, lien or interest in the property described in this complaint adverse to Plaintiff's title thereto, and DOES 1 through 25, inclusive,<br><br>Defendants. | No. C 12-01237 WHA<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO AMEND** |

## INTRODUCTION

Through counsel, plaintiff seeks leave to amend his claim for unfair and deceptive business practices, which was dismissed with leave to amend by order dated July 19, 2012 (Dkt. No. 40). Defendant Wells Fargo Bank, successor in interest to Wachovia Bank, N.A., opposes the motion, arguing that amendment would be futile as plaintiff has failed state a claim for relief under California Business and Professions Code Section 17200. For the reasons stated below, plaintiff's motion is **GRANTED IN PART AND DENIED IN PART**.

**STATEMENT**

Plaintiff filed suit against defendants alleging various claims arising from plaintiff's adjustable rate mortgage, secured by deed of trust on his residence in Alameda. Defendants are the lender and beneficiary, Wells Fargo Bank, N.A., as successor in interest to Wachovia Bank, N.A., and NDeX West, LLC. Plaintiff alleges that his monthly mortgage payments increased in 2007 and 2008 and he was unable to continue making the payments, which were up to $2,158.86 per month by January 2008. Plaintiff sought a loan modification in or about November 2008. The loan modification was initially denied. Plaintiff alleges that "as a result of his multiple attempts at a loan modification," the modification was eventually granted in or about May 2009. He further alleges that he understood from his discussions that his modification would result in payments under $1,900 per month. The actual terms, however, required payment in sums nearly identical to the terms of the original loan. Plaintiffs tendered two months of payments under the modified terms, but defendant Wells Fargo refused the payments. Plaintiff attempted a further loan modification "to reinstate his loan," which was denied four months later. Plaintiff claims he was not offered a making Homes Affordable Modification Program ("HAMP") modification or other type of permanent loan modification. In sum, plaintiff alleges that defendants intended to deceive him into giving up his property and the equity therein "when they supposedly gave Plaintiff a loan modification and then refused to accept his payments under the terms of the loan modification. Thereinafter they continually led Plaintiff to believe they were genuinely evaluating Plaintiff for a legitimate loan modification when that was not in fact the case and they were actually intentionally forcing his Subject Property into foreclosure."

A notice of default was recorded in January 2011. The parties do not dispute that the property was sold pursuant to a trustee's sale, although the proposed amended complaint does not allege that the sale occurred and in fact seeks an injunction preventing defendants from proceeding with the sale (Proposed Compl. ¶ 29).

Plaintiff originally filed this suit in state court. Defendants removed the action to this district and filed a motion to dismiss. Plaintiff subsequently filed an amended complaint. On July 19, 2012, the motion to dismiss the first amended complaint was granted in part and denied

2

1  in part. The order dismissed plaintiff's "Unfair and Deceptive Business Act Practices" claim,
2  requiring plaintiff to seek leave to amend by filing a motion which "should clearly explain how
3  the amendments tot he complaint cure the deficiencies identified therein." Plaintiff has timely
4  moved for leave to amend this claim.

**ANALYSIS**

Under FRCP 15(a), "leave to amend shall be freely given when justice so requires. However, the district court may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC,* 629 F.3d 876, 892 (9th Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Plaintiff's first amended complaint included a claim for "unfair and deceptive business practices." The dismissal order construed this claim as similar to a claim under Section 17200 of the California Business and Professions Code, but found that plaintiff had failed to plead sufficient facts. As the basis for this claim could not be determined from the first amended complaint, it was dismissed with leave to amend. Plaintiff's motion to amend argues that leave should be granted because: (1) defendants would not suffer prejudice where plaintiff is not amending the facts, but seeks only to clarify the legal basis for the claim; (2) the proposed amendment was timely submitted and will not cause delay; and (3) amendment is not futile.

Defendant Wells Fargo's opposition contends that the proposed amendment would be futile. Specifically, defendant argues that plaintiff cannot state a claim under either the unlawful, unfair, or fraudulent business practices prong of Section 17200.

**A.  SECTION 17200.**

Section 17200 outlaws "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." It covers a "wide range of conduct" and embraces "anything that can properly be called a business practice and that at the same time is forbidden by law." *Korea Supply Co. v. Lockheed Martin Corp.,* 29 Cal.4th 1134, 1143-44 (2003) (citations and quotations omitted). Section 17200 "borrows" violations from other laws

3

1  by making them independently actionable as unfair competitive practices. *Ibid.* Moreover,
2  under Section 17200, "a practice may be deemed unfair even if not specifically proscribed by
3  some other law." *Cel–Tech Comm., Inc. v. Los Angeles Cellular Tel. Co.,* 20 Cal.4th 163, 180
4  (1999). Because Section 17200 is written in the disjunctive, it establishes three types of unfair
5  competition. *Davis v. Ford Motor Credit Co.*, 179 Cal.App.4th 581, 593 (2009). Therefore, a
6  practice may be prohibited as unfair or deceptive even if it is not unlawful and vice versa.
7  *Podolsky v. First Healthcare Corp.*, 50 Cal.App.4th 632, 647 (1996).

Plaintiff alleges that defendants' conduct in servicing plaintiff's loan, including the loan modification process, establishes "a pattern of unfair and deceptive practices." Plaintiff further alleges a pattern and practice of negotiating loan modifications in bad faith and in initiating foreclosure proceedings in violation of Section 2923.5.

### 1. "Unlawful" business act or practice.

Any federal, state or local law can serve as a predicate for an unlawful business practice action. *Smith v. State Farm Mut. Auto. Ins. Co.,* 93 Cal.App.4th 700, 718 (2001). Here, plaintiff alleges that defendants' actions violated Sections 1708, 1710, 2923.5, 2923.6, and 3333 of the California Civil Code. Any individual who has "has suffered injury in fact and has lost money or property as a result of the unfair competition" may initiate suit. Cal. Bus. & Prof. Code § 17204. To have standing, a plaintiff must sufficiently allege that (1) he "lost 'money or property' sufficient to constitute an 'injury in fact' under Article III of the Constitution" and (2) there is a "causal connection" between the defendant's alleged Section 17200 violation and the plaintiff's injury in fact. *See Rubio v. Capital One Bank*, 613 F.3d 1195, 1203–04 (9th Cir. 2010) (citations omitted). "Actual economic injury" is sufficient to confer standing under Section 17200. *Ibid.*

Defendant argues that plaintiff lacks standing to bring a Section 17200 claim based on a violation of Section 2923.5. Not so. Plaintiff alleges that as a result of defendant's failure to provide proper notice and follow related "due diligence" required by Section 2923.5, he was unable to properly cure the default on his mortgage. He further alleges that his ability to timely "un-encumber[] his property or refinanc[e] his property" was hampered (Proposed Compl. ¶ 55).

4

Moreover, it is undisputed that plaintiff's property has been foreclosed upon. Plaintiff has sufficiently alleged that he suffered economic injury as a result of the alleged Section 2923.5 violation. Plaintiff thus has standing to sue under Section 17200. *See Rubio*, 613 F.3d at 1204.

This order need not decide whether plaintiff has standing to assert a claim predicated on violations of Sections 1708, 1710, 2923.6, and 3333. Plaintiff has failed to properly allege that defendant violated any of these provisions. Sections 1708, 1710, and 3333 are general statements of law that relate to common law tort and damages measures. For example, Section 1710 codifies in part the common law tort of fraud. *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008). Section 3333 is similarly general, providing that "[f]or the breach of an obligation not arising from contract, the measure of damages, except where otherwise expressly provided by this Code, is the amount which will compensate for all the detriment proximately caused thereby, whether it could have been anticipated or not." Plaintiff has alleged no facts that would establish that defendant's conduct violated any purported obligation contained therein. The bare-bones allegations are so conclusory as to make it impossible to determine what conduct is alleged to have violated each provision, and how. The mere recitation of these provisions is insufficient to state a claim for relief.

Similarly, plaintiff has not alleged any specific facts relating to the alleged violation of Section 2923.6. Plaintiff alleges simply that "defendant's actions were unfair in that they violated law and/or public policies which seek to promote avoiding foreclosures" (Proposed Compl. ¶102). This is insufficient.

Plaintiff cannot maintain a claim under the "unlawful" prong based on violations of Sections 1708, 1710, 2923.6, or 3333. Leave to amend based on these statutes is denied, and no further attempts will be allowed. Plaintiff has had ample opportunity to amend, but has failed to adequately state a claim. Plaintiff has, however, sufficiently pled a claim for relief for violation of Section 2923.5, as stated in the July 19 dismissal order. As such, the Section 17200 claim based on this predicate violation may go forward. Plaintiff must file an amended complaint in conformity with this order.

5

### 2. "Unfair" business act or practice.

To the extent a plaintiff alleges unfair business practices or acts that are not fraudulent, those allegations need not satisfy Rule 9(b). *See Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1103–04 (9th Cir. 2003). "While fraud is not a necessary element of a claim under the CLRA and [Section 17200] . . . a plaintiff may allege a unified course of fraudulent conduct and rely entirely on that course of conduct as the basis of that claim." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009).

The proposed amended complaint alleges that defendants "engaged in a pattern of unfair and deceptive business practices." Plaintiff alleges that defendants misled plaintiff into believing the loan modification process was legitimate and being pursued in good faith. He further alleges that defendants provided false and misleading information in response to his inquiries about his loan and loan modification. Defendants "further perpetuated [their] unfair and deceptive acts by initiating foreclosure proceedings on Plaintiff's property after stringing him along through the modification process" (Proposed Compl. ¶ 103). Therefore, plaintiff alleges defendants engaged in a fraudulent course of conduct.

Because plaintiff's "unfair and deceptive practices" claims "sound in fraud," he must satisfy Rule 9(b)'s pleading requirement. However, plaintiff has not pled defendants' fraudulent conduct with sufficient specificity. Plaintiff fails to allege with specificity the circumstances surrounding defendants' alleged representations regarding loan modification, such as whom he spoke with, when, and what specific statements were made. Plaintiff's claim for negligent misrepresentation was previously dismissed for failure to meet even the Rule 8 standard requiring a "short and plain statement." Plaintiff has not amended its complaint to allege with any more specificity what deceptive or misleading statements defendants made regarding loan modification. Accordingly, plaintiff's motion for leave to amend to plead a claim under the "unfair" prong of Section 17200 is **DENIED**.

### 3. "Fraudulent" business act or practice.

A plaintiff may demonstrate a violation of this prong of Section 17200 by showing that reasonable members of the public are likely to be deceived. *Bardin v. DaimlerChrysler Corp.*,

6

136 Cal.App.4th 1255, 1261 (2006). Plaintiff's proposed amended complaint contains no allegations that members of the public are likely to be deceived by defendants' "pattern of unfair and deceptive practices." Plaintiff's motion for leave to amend to state a claim under the "fraudulent" prong of Section 17200 is **DENIED**.

### B. DEFENDANT IS NOT PREJUDICED.

Plaintiff timely filed a motion for leave to amend its complaint pursuant to the June 19 order, which dismissed plaintiff's claim regarding unfair business practices with leave to amend. In the proposed amendment, plaintiff made clear that the claim is based on violation of Section 17200. To the extent stated above, this order finds that plaintiff has sufficiently pled a claim for relief under the "unlawful" business practices prong of Section 17200. Defendant has had notice of the general issues and facts upon which plaintiff's claim is based. Plaintiff's motion for leave to amend is timely. Defendant is not prejudiced by the amendment.

## CONCLUSION

Plaintiff's motion for leave to file an amended complaint is **GRANTED IN PART AND DENIED IN PART**. Plaintiff must file an amended complaint consistent with this order by **NOON ON SEPTEMBER 24, 2012**. Plaintiff need not seek leave to file this amended complaint. Defendants' answer is due within **20 CALENDAR DAYS** of the filing of plaintiff's amended complaint. The hearing scheduled for September 20 is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: September 17, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE